# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Vessel Medical, Inc., et al, <br><br>           Plaintiffs, <br><br> vs. <br><br> Craig Elliott, et al <br><br>           Defendants. | Case No. 6:15-330-MGL <br><br> **CONSENT ORDER** |

    This Consent Order is entered for the purpose of documenting the parties' agreement as to the steps to be taken by Defendant Craig Elliott to comply with this Court's September 15, 2015, Opinion and Order granting, in part, Plaintiff's Motion for Preliminary Injunction (the "Order"), as that Order pertains to Plaintiffs' confidential information and trade secrets.

    Pursuant to the Order, the parties have agreed as follows:

    1.    Defendant Elliott has made a forensically sound and complete mirror image of Defendant Elliott's computer hard drive (the "Mirrored Hard Drive"), using a qualified IT professional, Robert Smith of TechForce. Mr. Smith has delivered the Mirrored Hard Drive to Defendant Elliott's counsel, who shall retain possession of the Mirrored Hard Drive in a fireproof file cabinet and shall not access same until further order of this Court.

    2.    As described below, the parties intend to mediate this dispute as has been ordered by the Court. However, if the parties do not resolve this action at mediation, they shall thereafter timely identify a duly licensed and certified forensic examiner (the "Consultant") who shall conduct searches as agreed to amongst the parties and as ordered by the Court. Plaintiff's counsel shall deliver the Mirrored Hard Drive along with chain of custody documentation to the

Consultant, who shall retain exclusive possession of the Mirrored Hard Drive until further order of this Court.

3. Defendant Elliott, with the assistance of his counsel and a qualified IT professional, shall thereafter ensure that any and all data constituting Plaintiffs' confidential information or trade secrets, as described in the Order (the "Confidential Information" and "Trade Secrets"), is permanently removed from his computer hard drive, with no copies of any such data being retained by Plaintiff in any form, format or location. Plaintiff shall certify his compliance with this provision within one week of the entry of this Order.

4. Defendant Elliott's compliance with paragraphs 1 and 2 of this Consent Order shall be considered full compliance with paragraphs (A) and (F) of the Order as it relates to his dispossession and preservation of electronic information potentially containing or reflecting Confidential Information or Trade Secrets.

5. Defendant Elliott will continue to preserve all other electronic evidence, including any and all email correspondence, which Defendant Elliott certifies has been fully backed up and stored via retention tools available via his email provider, to the extent said email correspondence is not otherwise stored on the Mirrored Hard Drive.

6. Defendant Elliott stipulates that he has no other computers, smart phones, external storage devices on which he has stored or has access to any of Plaintiffs' Confidential Information or Trade Secrets, presently or at any time since June 1, 2014, nor has he sent any such Confidential Information or Trade Secrets to any cloud based storage system or to any third party, including, without limitation, Defendant Mako Medical Laboratories, LLC.

7. Before incurring additional discovery costs and ESI search costs, the parties have agreed to mediate this case as soon as possible (hopefully within 30 days) in the hopes that an

amicable, universal settlement is achievable.

8. If the case is resolved, the Mirrored Hard Drive will be destroyed by the Consultant or returned to Plaintiffs.

9. If this case is not resolved via this mediation, the parties will negotiate and submit to this Court a standard protocol for the search of Mirrored Hard Drive. Each party will bear the expense of its searches, although the prevailing party may seek to recover these costs at the conclusion of litigation.

10. Further, if the case is not resolved at mediation, Defendant Elliott shall have 48 hours to file a motion for reconsideration of the Order.

**IT IS SO ORDERED.**

s/ Mary Geiger Lewis
Mary Geiger Lewis
United States District Judge

Dated: September 30, 2015
Columbia, South Carolina

WE CONSENT:

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: s/ William H. Foster
William H. Foster, Esq.
Federal Bar No. 6221
E-Mail: bill.foster@nelsonmullins.com
104 South Main Street / Ninth Floor
Post Office Box 10084 (29603-0084)
Greenville, SC  29601
Telephone: (864) 250-2300
Facsimile:  (864) 250-2383

*Attorneys for Plaintiffs*

3

**LAW OFFICE OF W. ANDREW ARNOLD, P.C.**

By: s/ W. Andrew Arnold
    W. Andrew Arnold, Esq.
    Federal Bar No. 5947
    E-Mail: aarnold@aalawfirm.com
    Jeremy R. Summerlin, Esq.
    Federal Bar No. 11827
    E-Mail: jsummerlin@aalawfirm.com
    712 E. Washington Street
    Greenville, South Carolina 29601
    Telephone: (864) 242-4800
    Facsimile: (864) 242-4885

*Attorneys for Defendant Elliott*

**TURNER PADGET GRAHAM & LANEY P.A.**

By: s/ Reginald W. Belcher
    Reginald W. Belcher
    Federal Bar No. 6940
    rbelcher@turnerpadget.com
    Jessica L. Gooding
    Federal Bar No. 11754
    jgooding@turnerpadget.com
    Post Office Box 1473
    Columbia, South Carolina 29202
    Telephone: (803) 254-2200

**---and---**
**SHANAHAN LAW GROUP, PLLC**

John E. Branch III (admitted pro hac vice)
jbranch@snahananlawgroup.com
Christopher S. Battles (admitted pro hac vice)
cbattles@shanahanlawgroup.com
128 E. Hargett Street, Third Floor
Raleigh, North Carolina 27601
Telephone: (919) 856-9494
Facsimile: (919) 856-9499

*Attorneys for Defendant Mako*